IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 23-cv-00958-GPG

UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 7,

     Plaintiff,

v.

DILLION COMPANIES, LLC,

     Defendant.

---

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING

---

This matter is before the Court pursuant to the Plaintiff's ("Union") Motion For Temporary Restraining Order (D. 4).  The Court has reviewed that motion, its supporting materials, and the record as a whole.

The Union's Complaint (D. 1) is easily summarized.  The Union represents workers at various supermarket and other retail facilities operated by the Defendant, and the parties have entered into a collective bargaining agreement ("CBA") that addresses various labor relations matters.  The CBA specifically defines the circumstances in which the Defendant may assign work to outside vendors if that work would otherwise be performed by members of the bargaining unit.  Work relating to preparing and maintaining outdoor displays of plants and related merchandise for sale is not included within the categories of work that the Defendant may assign to outside vendors.   Nevertheless, beginning in or about March 4, 2023, the Defendant announced that it would be using employees of an outside vendor, National Garden Service, to perform work relating to creating and maintaining outdoor plant displays.  The Union has filed

1

several grievances with the Defendant relating to that announcement, contending that the work of displaying and maintaining seasonal plants is work that must be assigned to bargaining unit members.  The Defendant has refused to consent to an expedited arbitration to resolve those grievances.  The Union is concerned that the ordinary timeline of grievance proceedings will result in the matter going unresolved throughout the duration of the seasonal outdoor plant displays, such that National Garden Service employees, rather than Union members, will perform that work.  In the Complaint, the Union requests that the Court enjoin the Defendants from assigning work relating to the outdoor plant displays to National Garden Service and require the work to be assigned to bargaining unit members until the grievances are determined.  The current Motion for Temporary Restraining Order (D. 4) seeks essentially the same relief on an *ex parte* basis pursuant to Fed. R. Civ. P. 65(b).

Rule 65(b)(1) provides that the Court may issue an *ex parte* temporary restraining order if two criteria exist: (i) the movant shows by specific facts in an affidavit that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (ii) the movant's attorney certifies, in writing, as to the "efforts made to give notice" to the non-movant, as well as the reasons why such notice should not be required.  An "irreparable injury" is one where relief in the form of a *post hoc* monetary award would prove inadequate or unduly difficult to calculate.  *Free The Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 806 (10th Cir. 2019).

Here, the injury that the Union seeks to prevent is one that can be remedied monetarily (or otherwise, as discussed below) and with only moderate administrative difficulty.  The number of hours worked by National Garden Service employees at each store can be readily tracked through payroll or invoice records of the Defendant, or even through contemporaneous

observation or forensic reconstruction.  The Union represents that if the work were assigned to bargaining unit employees, they would bid for and be assigned shifts based on their seniority, and nothing prevents the Union from soliciting such bids and maintaining a "shadow schedule" of the employees that would have been assigned that work on a week-by-week basis over the course of the season, but for the Defendant's alleged violation of the CBA.  The motion recites that the CBAs contain express provisions regarding the appropriate remedies for "lost work opportunities" and that the affected employees are "permitted to work the number of hours lost, over and above the posted schedule," within a certain time after the grievance is resolved.  Thus, if the Union is correct, there is an apparent mechanism to allocate the improperly-assigned hours to those bargaining unit members that should have been awarded them, such that there will be little to no injury to unit members that goes unremedied.

The Union's motion makes a passing comment that "there is no evidence that [the Defendant] is keeping any records of the work the National Garden service employees perform or even how many National Garden Service employees are present at the stores or for how long they are present."  The fact that the Union has "no evidence" of the Defendant keeping records on this point is not the same as asserting that no such records are being kept, and indeed, it would be extraordinary that the Defendant would not have invoice or other business records reflecting the amount that it is paying National Garden Service for work that its employees are performing on the Defendants' behalf.  Moreover, there is no reason why the Union itself, whose members are present in each of the affected stores and readily capable of observing, cannot maintain their own evidence of the number of National Garden Service employees seen working at each location and for how long.  The Union's own data can provide a valuable check on the Defendant's own business records for purposes of calculating the number of hours improperly

3

contracted out, and indeed, if the Defendant is not maintaining sufficient records, the Union's

own records might prove the conclusive evidence available for purposes of calculating an

appropriate remedy.

Accordingly, on the limited record before the Court, the Court finds that the Union has

not made the showing required by Rule 65(b)(1)(A) to entitle it to an *ex parte* temporary

restraining order, and its motion requesting that relief is **DENIED**.  The Court nevertheless

construes that motion to also request a preliminary injunction, and it may be that upon a broader

evidentiary showing, the Union might be able to demonstrate facts warranting preliminary

injunctive relief.  Thus, the Court directs that the Union serve a copy of the Summons,

Complaint, Motion, supporting affidavits, and a copy of this Order on the Defendant by **2:00**

**p.m.** on **Thursday, April 20, 2023.**  The Defendant shall file a response to the Union's motion,

which the Court construes as a Motion for Preliminary Injunction under Rule 65(a), by **2:00 p.m.**

on **Monday, April 24, 2023.**  The Court will hold a non-evidentiary hearing on the Union's

motion on **Tuesday, April 25, 2023** at **4:00 p.m.** in Courtroom C202 of the Byron Rogers

Courthouse in Denver.  At that hearing, the parties shall be prepared to address whether an

evidentiary preliminary injunction is required and, if so, to schedule such a hearing.

**Dated at Grand Junction, Colorado this April 18, 2023.**

**Gordon P. Gallagher**
United States District Judge